**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **ex rel. JULIE WILLIAMS and** | ) | |
| **JOHN MARTINEZ, M.D.,** | ) | |
| | ) | |
| Relators, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV985-DJS |
| | ) | |
| **RENAL CARE GROUP, INC., RENAL** | ) | |
| **CARE GROUP SUPPLY COMPANY, and** | ) | |
| **FRESENIUS MEDICAL CARE** | ) | |
| **HOLDINGS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Counts I through IV of the United States' first amended complaint in intervention present claims under the False Claims Act, 31 U.S.C. §3279(a)(1), alleging that defendants defrauded the United States' Medicare program by the submission of fraudulent claims for payment in connection with the provision of dialysis services, supplies and equipment. Now before the Court is defendants' motion for partial dismissal of the government's first amended complaint in intervention, directed to the claims in Counts III and IV premised upon the allegation that defendants "misl[ed] and obstruct[ed] patients with respect to their right to choose between Method I and Method II reimbursement for home dialysis supplies and equipment." First Amended Complaint in Intervention [Doc. #32], ¶78.

Defendants argue that the pleading of the challenged claims fails to comply with Fed.R.Civ.P. 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." As with Counts I and II, which are not challenged here, the gravamen of Counts III and IV is that between January 1, 1999 and December 31, 2005, defendants submitted Medicare claims relating to home dialysis for which defendants were not eligible for reimbursement. The fraudulent conduct alleged is, at its core, the submission of these false reimbursement claims to the government. The allegedly fraudulent claims submitted for payment have been thoroughly detailed by the government in a list provided to defendants with the complaint. See First Amended Complaint [Doc. #32], p.8, n.1.

The distinctions among Counts I through IV have to do with the different reasons alleged in each count for the ineligibility of the fraudulent Medicare claims submitted. Count III and in pertinent part Count IV aver that the claims were not reimbursable pursuant to 42 C.F.R. §414.330. because defendants misled and obstructed patients concerning their option between Method I and Method II reimbursement. In the instant motion, defendants in essence argue that the heightened pleading requirements of Rule 9(b) apply to this allegation of misleading patients as well as to the overarching allegation that the resulting submission of Medicare claims for payment was itself fraudulent.

Upon consideration of the complexity of the alleged conduct and the length of time over which the conduct at issue was alleged to have occurred, the Court is not persuaded that the first amended complaint falls short of the standard required by Rule 9(b). Paragraphs 38 through 48, in combination with the complete list of claims allegedly falsely submitted over the multi-year period, provide an adequate pleading of the details of the allegedly misleading conduct vis-à-vis Medicare patients, including insofar as reasonably possible the "who, what, where, when, and how" of the scheme. In the context presented by this complex case, the pleading of Counts III and IV is not "merely conclusory" and meets the requirements of Rule 9(b). In making this determination, the Court has carefully considered the teachings of Eighth Circuit and Eastern District of Missouri precedent, including the similarities and differences between the instant case and these: U.S. ex rel. Joshi v. St. Luke's Hospital, Inc., 441 F.3d 552, 556-557 (8th Cir. 2006); Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997); U.S. ex rel. Schuhardt v. Washington University, 228 F.Supp.2d 1018, 1034-35 (E.D.Mo. 2002); U.S. ex rel. I'Keefe v. McDonnell Douglas Corp., 918 F.Supp. 1338, 1345 (E.D.Mo. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss Counts III and IV of the United States' first amended complaint in intervention [Doc. #33] is denied.

Dated this __20th__ day of June, 2008.

                                                    /s/Donald J. Stohr
                                                  UNITED STATES DISTRICT JUDGE