```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

UNITED STATES OF AMERICA,            )
ex rel. JULIE WILLIAMS and           )
JOHN MARTINEZ, M.D.,                 )
                                     )
         Relators,                   )
                                     )
         vs.                         )    No. 4:05CV985-DJS
                                     )
RENAL CARE GROUP, INC., et al.,      )
                                     )
         Defendants.                 )

## ORDER

Now before the Court is defendants' motion to transfer this case to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §1404(a). This change of venue provision authorizes "a district court [to] transfer any civil action to any other district or division where it might have been brought" based on "the convenience of parties and witnesses, in the interest of justice." The motion is fully briefed. After careful consideration, the Court will grant the motion and transfer the case.

Movants explain that, with the closure of discovery, they have shifted their focus to trial preparation, and now realize that trial in this forum, which has "no connection to the underlying events," poses extreme inconvenience. Def. Memo. [Doc. #167], p.1. Movants assert that not one of the more than 45 witnesses deposed in the case lives or maintains offices in St. Louis, that no

decision relevant to the case was made in the Eastern District of Missouri, and that trial witnesses are concentrated in Nashville, Tennessee, where every key decision was made and from which every allegedly false bill was submitted.  Id.

The government does not dispute these assertions, and its attempts to counter their significance by reference to other facts is not persuasive.  Movants provide a careful treatment of the most significant trial witnesses, explaining that their convenience is served by transfer to a forum in Nashville.  Particularly, the government's arguments about the relative convenience of the Tennessee forum to *defendants'* witnesses is unavailing where the motion seeking transfer is made *by defendants*.

The government's concerns about delay occasioned by transfer are ironic and unpersuasive, given the government's contribution to delay in this case.  The government's first motion for an enlargement of time to consider intervention was filed on August 10, 2005.  After numerous extensions, the government filed its notice of election to intervene in part on July 10, 2007, almost two years later.  A  transferee court will have ample opportunity to familiarize itself with the case and the issues, by review of previous rulings and especially by its own consideration of the motion for partial summary judgment now being briefed and the motion to exclude defendants' expert testimony. Trial in this district is set some five months away, and a brief delay in

resetting the case in the transferee court is not shown to be significantly prejudicial.

The government's opposition to the motion cites the inconvenience of a Tennessee forum for numerous patient witnesses in the St. Louis area. Pltf. Opp. [Doc. #177], p.6. Movants respond that of the 24 local dialysis patients to whom the government refers, 21 are no longer alive, and were not alive at the time the government served the Rule 26 disclosures in which they were identified. Def. Reply [Doc. #184], p.1. Furthermore, the government's Rule 26 disclosures list more than 200 patients from other jurisdictions as well. Id. at 2, 4. Even in view of additional argument on this point in sur-replies, the Court is unpersuaded that the convenience of patient witnesses or patient's family witnesses in the St. Louis area is shown to be a significant factor militating against the transfer sought.

Upon careful consideration of all the foregoing arguments and other factors pertinent to the determination, the Court concludes that the convenience of parties and witnesses, and the interest of justice, are best served by transferring this action to the Nashville, Tennessee forum.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to transfer venue [Doc. #166] is granted, and pursuant to 28 U.S.C. §1404(a)

this matter shall be transferred to the United States District Court for the Middle District of Tennessee.

Dated this ___11th___ day of August, 2009.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE